THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALFRED SWANSON, Appellant.— Appeal by defendant from a judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting him of a violation of section 986 of the Penal Law (book-making) and fining him $75 or twenty days in the city prison. Judgment unanimously affirmed. Appeal from sentence dismissed. No opinion. Present — Lewis, P. J., Carswell, Johnston, Adel and Wenzel, JJ.

CAROLINE REAMES, Appellant, v. CITY OF NEW YORK, Respondent, et al., Defendants.— In an action to recover damages for personal injuries suffered by plaintiff when she fell on an accumulation of snow and ice on the sidewalk at a bus stop, the jury rendered a verdict for defendants. Order denying plaintiff's motion for a new trial because of the alleged misconduct of counsel, and in the interests of justice, unanimously affirmed, with costs. No opinion. Present — Carswell, Acting P. J., Johnston, Adel, Sneed and Wenzel, JJ.

SIDNEY REISCHE, Appellant, v. FLORENCE MONTGOMERY, as Executrix of HENRY E. MONTGOMERY, Deceased, et al., Respondents, and EDWARD REISCHE, Impleaded Defendant.— In an action to recover damages for personal injuries sustained as the result of a fall down a flight of stairs in a building owned by respondents and leased in its entirety to plaintiff's father, plaintiff appeals from a judgment dismissing the complaint at the close of his case. The building was used by plaintiff's father in the conduct of a wholesale fruit and vegetable business. A railing or bannister to the second floor was constructed in such a manner that for a distance of about thirty-six inches it was flush against a floor beam, so that it could not be grasped. There was proof that as plaintiff was descending the stairs, his heel caught in the brass nosing on a step opposite the point where the rail was against the beam; that because of such construction he was unable to obtain a grip on the bannister; and that he fell to the bottom of the stairs, suffering severe injuries. There was also evidence that prior to the accident the owners had made repairs to various portions of the interior of the premises, although the lease required the tenant to make all interior repairs. Judgment reversed on the law and a new trial granted, with costs to abide the event. It was error to dismiss the complaint, as the proof of repairs created an issue of fact as to whether there had been a reservation of a degree of control of the premises by respondents. (*Scudero* v. *Campbell*, 288 N. Y. 328; *Antonsen* v. *Bay Ridge Savings Bank*, 292 N. Y. 143; *Rosenberg* v. *Kings County Savings Bank*, 270 App. Div. 904; *Citron* v. *Kapner*, 271 App. Div. 932; *Noble* v. *Marx*, 272 App. Div. 670.) Whether the condition of the handrail was a proximate cause of the accident is also a question of fact for the jury. (*Foley* v. *State of New York*, 294 N. Y. 275, 280; *Anderson* v. *St. Rose of Lima's R. C. Church*, 240 App. Div. 992.) Lewis, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur. [See *post*, p. 868.]