LORINA NOBLE et al., Respondents, *v.* EVELYN B. MARX, Appellant.

Argued May 21, 1948; decided July 16, 1948.

*John W. Manning* for appellant. I. The trial court erred in refusing to dismiss the complaint at the end of the plaintiffs' case or at the close of the entire case. (*Schick* v. *Fleischhauer*, 26 App. Div. 210; *Kushes* v. *Ginsberg*, 99 App. Div. 417, 188 N. Y. 630; *Boden* v. *Scholtz*, 101 App. Div. 1; *Cullings* v. *Goetz*, 256 N. Y. 287; *Kosior* v. *Pomrinse*, 249 App. Div. 196; *Scudero* v. *Campbell*, 288 N. Y. 328; *Lafayette* v. *Weaver*, 92 Ind. 477, *Manderschild* v. *Dubuque*, 29 Ia. 73; *Perkins* v. *Rice*, 187 Mass. 28; *Readman* v. *Conway*, 126 Mass. 374; *Bruszacynaska* v. *Ruby*, 267 App. Div. 539; *Rosenberg* v. *Kings Co. Sav. Bank*, 270 App. Div. 904; *Citron* v. *Kapner*, 271 App. Div. 932; *Reische* v. *Mont-*

*gomery,* 273 App. Div. 824.) II. The trial court erred in instructing the jury that the employees of defendant's agent were interested witnesses. (*Hoffman* v. *Florida East Coast Hotel Co.,* 187 App. Div. 146; *Essig* v. *Lumber Operating & Mfg. Co.,* 183 App. Div. 198.)

*N. Bernard Silberg* for respondent. I. A prima facie case was established by plaintiffs and no error was committed by the trial court in denying the motions to dismiss. (*City of New York* v. *Third Ave. Ry. Co.,* 294 N. Y. 238; *Abrams* v. *Manhattan Dial Mfg. Co.,* 190 Misc. 106; *Fritz* v. *Commonwealth Finance Corp.,* 123 Misc. 280, 213 App. Div. 814, 241 N. Y. 587; *Scudero* v. *Campbell,* 288 N. Y. 328; *Antonsen* v. *Bay Ridge Sav. Bank,* 292 N. Y. 143; *Rosenberg* v. *Kings Co. Sav. Bank,* 270 App. Div. 904; *Citron* v. *Kapner,* 271 App. Div. 932; *Reische* v. *Montgomery,* 273 App. Div. 824.) II. The trial court committed no error in the charge with respect to the credibility of the witnesses and the interest of defendant's witnesses. (*Fredella* v. *Prudential Ins. Co.,* 258 App. Div. 232.)

LEWIS, J. A jury at Trial Term has awarded damages to the plaintiffs — husband and wife — for injuries sustained by the wife when her heel became lodged in a hole in the floor of an apartment owned by the defendant and occupied by the plaintiffs under a written lease. At the Appellate Division the judgment entered at Trial Term was affirmed, one Justice dissenting.

The original lease, which by a written renewal was effective at the time of the accident, contained the following provisions:

" 7. That the Tenant shall and will keep said premises in good order and repair during the term hereof and upon failure so to do, the Landlord may do and perform all repairs which may be necessary in and about said demised premises and add the amount of the cost of such repairs to the rent due hereunder for the month following the date of repairs and such cost of said repairs shall be and constitute such rent together with rent herein provided for. * * *

" 12. That the Tenant will also permit the Landlord and/or the Landlord's agent to enter in and upon said premises during the reasonable hours of any day during the term hereof to ascertain if said premises are kept in proper repair and condition and to make any repairs that the Landlord may deem neces-

sary for the preservation or safety of the premises or appurtenances. * * *

" 18. The failure of the Landlord to insist upon a strict performance of any of the terms, conditions and covenants herein, shall not be deemed a waiver of any rights or remedies that the Landlord may have, and shall not be deemed a waiver of any subsequent breach or default in the terms, conditions and covenants herein contained."

The property involved is a two-family structure located in the city of Albany. The defendant, a nonresident owner, managed the property through a local real estate agency.

There was evidence by the plaintiffs that before the lease was signed they called the attention of the defendant's agent to the fact that there was a hole in the bathroom floor. There was also evidence that the plaintiffs refused to sign the lease until the defendant's agent had assured them that the floor would be repaired. Although the agent denied giving such assurance, there was an evidentiary basis for a finding by the jury — now implicit in the verdict — that such a promise to repair was made by the defendant's agent. There was also testimony — denied by the defendant's witnesses — that, on repeated occasions when rent was paid by the plaintiffs, they demanded of the defendant's agent that repairs to the defective floor be made. Despite such demands and despite the fact that other items of repairs were made by the defendant in the apartment occupied by the plaintiffs — the cost of which repairs was not added to the plaintiffs' rent — the defective floor was not repaired until three days after the accident which gave rise to this action. Repairs then made were by the defendant and at her expense.

It is a general rule in the law of landlord and tenant that " Liability in tort is an incident to occupation or control " and that " occupation and control are not reserved through an agreement that the landlord will repair ". (*Cullings* v. *Goetz*, 256 N. Y. 287, 290.) We have said, however, in *Scudero* v. *Campbell* (288 N. Y. 328, 329) that " ' When the defendant's liability depends upon whether a landlord or his tenant was in *control of premises* * * * the acts of control of such a person are provable, and an act of repair done after the injury may chance to be such an act.' (2 Wigmore on Evidence [3d

ed.], § 283, p. 158.) '' (See, also, *Antonsen* v. *Bay Ridge Sav. Bank*, 292 N. Y. 143.)

We think the case at bar falls within the rule of the *Scudero* case (*supra*) which was followed in the *Antonsen* case (*supra*). The written lease, as we have seen, gives evidence of the right expressly reserved by the defendant landlord to enter the plaintiffs' apartment during reasonable hours '' to ascertain if said premises are kept in proper repair and condition and to make any repairs that the Landlord may deem necessary for the preservation or safety of the premises or appurtenances.'' There was also evidence that at the time of making the lease and at various times during the term of the lease prior to the accident agents of the defendant had made unfulfilled oral promises to repair the defective floor condition which later caused the plaintiff's injuries. If this were the only evidence of control exercised by the defendant, it might be true that '' What resulted was not a reservation by an owner of one of the privileges of ownership.'' (*Cullings* v. *Goetz, supra*, p. 291.) Indeed, the trial court charged in response to a request by the defendant that '' the mere breach of a contract to repair is an academic proposition.''

But the evidence of control in the case at bar goes further. The defendant, by her own witness, established the fact that three days after the plaintiff was injured her agents entered plaintiffs' apartment and repaired the defective floor condition. Upon that phase of the proof the Trial Justice in his charge instructed the jury, without exception by the defendant, that:

'' If you are satisfied from the evidence that defendant had control of the premises occupied by plaintiffs and, having such control, was negligent and careless and that plaintiff, Lorina Noble, was free from contributory negligence, then in that event you will take up the question of damages.

'' When you are considering whether or not the defendant was guilty of negligence in failing to repair the flooring in the bathroom I particularly and with emphasis charge you that the fact that defendant repaired the flooring in the bathroom after plaintiff, Lorina Noble, was injured must in no way create a prejudice in your mind that a defective condition existed at the time of the accident. *The only reason, members of the jury, I admitted such evidence of repair after the accident is for you to consider*

*such evidence and use it, crediting it and believing it or not as you determine, in determining the question of control of the premises,* and solely and only as to control and not otherwise.'' (Emphasis supplied.)

' In the circumstances presented by this record, including defendant's evidence of repairs made by her after the accident and received solely on the question of control, and the further evidence that for a period of time which antedated the term of the lease, the defendant through her agent had notice of the defective condition but failed, in response to the plaintiffs' demands, to exercise the right expressly reserved by her in the lease to enter the premises to make necessary repairs, we think there was evidence '' enough to countenance the verdict.'' (*Scudero* v. *Campbell, supra,* p. 329.)

The defendant also argues that when the Trial Justice submitted to the jury the question of the credibility of the witnesses, he erred in his instruction that employees of a local real estate agency retained by defendant were interested witnesses. The witnesses involved are two employees of the Albany real estate agency which managed the property for the defendant. One of those witnesses was the agent who, prior to the signing of the lease, allegedly made an oral promise that the premises would be repaired. The other witness was the agent to whom allegedly a notice was repeatedly given by the plaintiffs that a portion of the apartment floor was still defective. Although at the time of the trial the defendant had sold the property in question and no relationship then existed between her and the two witnesses mentioned above, we think the jury was properly instructed that, as agents who represented the defendant in her dealings with the plaintiffs, they were interested witnesses. (*Volkmar* v. *Manhattan Ry. Co.,* 134 N. Y. 418, 422; *O'Flaherty* v. *Nassau Elec. R. R. Co.,* 34 App. Div. 74, 77, affd. 165 N. Y. 624; *Gaffney* v. *New York Cons. R. R. Co.,* 220 N. Y. 34, 37.)

The judgment should be affirmed, with costs.

LOUGHRAN, Ch. J., CONWAY, DESMOND, THACHER, DYE and FULD, JJ., concur.

Judgment affirmed.