VINCENZA ASPROMONTE et al., Respondents, v. BYRNDUN CORPORATION, Appellant.— In an action to recover for personal injuries sustained by the respondent wife in falling down stairs in appellant's tenant-factory building, and for respondent husband's loss of services, and expenses, judgment in favor of respondents, entered on the verdict of a jury, unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Carswell, Johnston, Sneed and MacCrate, JJ.

JOSEPH BOREYKO, Plaintiff, v. BAY RIDGE SAVINGS BANK, Defendant.— Action to recover damages for personal injuries suffered by plaintiff as a consequence of the existence of a hole in a party driveway adjoining a one-family house which defendant had demised to a tenant with whom plaintiff resided. Plaintiff, while operating a motorcycle on the driveway, struck a hole and was thrown against the building. On motion by the plaintiff, the trial court directed that plaintiff's exceptions be heard in the first instance by the Appellate Division, pending the decision of a motion for a new trial upon the ground that certain rulings were erroneous. Plaintiff's exceptions unanimously sustained, so that a new trial may be granted, with costs to the plaintiff to abide the event. The granting of defendant's motion, over plaintiff's exception, to dismiss the complaint, was erroneous. A jury question was presented on the issue of the reservation of control by the defendant of the party driveway, and also on the issue of the obligation of the defendant to repair the same as a consequence of the claimed defective condition existing prior to the demise of the premises to the tenant. Under the lease, the tenant was only obligated to make repairs resulting from "misuse or neglect", and there was proof that the claimed defect existed prior to the demise. A jury question was also presented as to control by the defendant of the party driveway by the proof in respect of repairs made to the premises generally between the date of the demise and the date of the accident. (*Reische* v. *Montgomery*, 273 App. Div. 824, and cases cited therein; *Noble* v. *Marx*, 272 App. Div. 670, affd. 298 N. Y. 106; *Rosenberg* v. *Kings Co. Sav. Bank*, 270 App. Div. 904; *Klotz* v. *Ganz*, 296 N. Y. 715.) It was also error to exclude, on defendant's objections and over plaintiff's exceptions, the answers to questions adduced on an examination before trial of the witness Stelter, who, as the defendant's representative, had negotiated the lease with the tenant. These answers shed light on the true scope of the ambiguous or restrictive language in the lease embodying the tenant's obligation to repair, and in respect of what portions of the premises he was not under an obligation to repair. (*Noble* v. *Marx*, 298 N. Y. 106, affg. 272 App. Div. 670.) Present — Nolan, P. J., Carswell, Johnston, Wenzel and MacCrate, JJ.