MARGARIDA DE CLARA, as Administratrix of the Estate of FRANCISCO DE CLARA, Deceased, Respondent, v. BARBER STEAMSHIP LINES, INC., et al., Defendants, and NEW YORK DOCK COMPANY, Appellant and Third-Party Plaintiff-Appellant. BARBER SECURITIES CORPORATION, Third-Party Defendant-Respondent.— Action to recover damages for wrongful death. The plaintiff's intestate was a longshoreman who was killed when a large metal door fell upon him on a pier where he was working for a stevedoring company. The door, known as door No. 13, was one of 170 doors on a shed on the pier. It was a sliding door at the top of which there were wheels which rolled on rails. The bottom of the door slid through a groove in the floor. The door had frequently jammed and become difficult to slide to the open or shut position. In such cases the longshoremen frequently used crowbars to move the door. On the night of the accident in suit, the deceased and several fellow longshoremen pushed on the door for five or ten minutes, without moving it, and upon continued pushing the door fell and struck the deceased. There is no evidence as to what caused the door to fall other than the facts which allow an inference that it was caused by application of force. The pier was owned by defendant New York Dock Company and was under lease to Barber Lines, Inc., of Delaware, which was in possession and occupancy and maintained a gate and guard at the entrance. Under the lease agreement the lessee covenanted to give the owner written notice of needed repairs and to admit the owner for the purpose of making such repairs. In addition, the agreement gave the owner the right to enter the premises for the purpose of examination and making repairs, but such acts were agreed not to constitute a waiver of the notice requirement. The agreement further provided that the owner would make repairs after such notice and that in default of the notice the owner would not be liable for injuries to persons on the premises caused directly or indirectly by lack of repairs. The agreement further provided that the lessee would indemnify and hold harmless the owner for injuries suffered on the premises unless caused by failure of the owner to make repairs after receiving the notice. The evidence establishes that the owner's maintenance men frequently made repairs to the pier and on many occasions without having received the notice from the lessee. The evidence shows that the owner had no actual notice of any defect or unusual condition in door No. 13 prior to the accident. The owner's offer to prove that after the accident the lessee gave notice in respect of door No. 13 and that the owner thereafter rehung the door and charged the expense to the lessee, was rejected. Plaintiff's case against the owner was submitted to the jury upon instructions that there was no evidence that the owner had actual notice of the condition of door No. 13, but that constructive notice might be found, and that the owner

might be held liable if it had some measure of control of the premises and was negligent in not detecting a dangerous condition in door No. 13. The owner's third-party complaint against the lessee's successor for indemnity was dismissed prior to the submission of the case to the jury. The jury found in favor of plaintiff against the owner in the amount of $65,000. Judgment was entered accordingly. The owner appeals from the entire judgment and from the order denying its motion to set the verdict aside. Judgment insofar as it dismisses the third-party complaint affirmed, with costs to respondent Barber Securities Corporation, payable by appellant. Judgment insofar as it is in favor of plaintiff against defendant New York Dock Company reversed on the law, without costs, and the complaint dismissed. The implied findings of fact, except as to the amount of the verdict, are affirmed. Appeal from order dismissed, without costs. The owner was not liable in tort for a mere breach of the covenant to repair, more particularly where the covenant was to repair after notice and no notice was given, nor for a failure to exercise its right to examine the demised premises. (*Cullings* v. *Goetz*, 256 N. Y. 287; *Lafredo* v. *Bush Term. Co.*, 261 N. Y. 323; *Potter* v. *New York, Ontario & Western Ry. Co.*, 261 N. Y. 489.) The fact that the owner frequently made repairs to other portions of the pier, with and without notice, is immaterial inasmuch as constructive notice is insufficient to destroy the exemption from liability (*Lafredo* v. *Bush Term. Co., supra*, p. 328). The owner had no power to exclude the lessee's visitors from the demised premises. The control necessary to raise the duty of care for the safety of such visitors implies more than the right or liability to repair the premises (*Cullings* v. *Goetz, supra*, p. 290). In the cases relied on by plaintiff (*Antonsen* v. *Bay Ridge Sav. Bank*, 292 N. Y. 143; *Noble* v. *Marx*, 298 N. Y. 106; *Boreyko* v. *Bay Ridge Sav. Bank*, 274 App. Div. 1060) the owners had actual notice of the specific defects which caused the injuries, and persistently neglected to make the promised repairs, even though in the *Noble* and *Boreyko* cases the defects were known prior to the leasings, and in addition in the *Boreyko* case the defect was not within the demised premises but on a common way. There is no indication in the opinions in the *Antonsen* and *Noble* cases (*supra*) that it was intended to overrule the doctrine stated in the *Cullings*, *Lafredo* and *Potter* cases (*supra*) and to adopt the rule applicable in a minority of the jurisdictions. The other contentions on the appeal are treated as follows: The contention that the plaintiff is not the real party in interest because she and the minor son accepted benefits under the Workmen's Compensation Law and thereby assigned the cause of action to an insurance carrier, is not sustained. Nor are the contentions sustained that the complaint should have been dismissed because the seven adult children, who are not dependents under section 29 of the Workmen's Compensation Law but are next of kin under section 130 of the Decedent Estate Law, proved no actual pecuniary loss, and that the possibility of inheritance is not a proper element of pecuniary loss by reason of the 1949 amendment (L. 1949, ch. 639) to section 133 of the Decedent Estate Law. It was error to instruct the jury that constructive notice was sufficient as against the owner and that it might be held liable if it retained any measure of control over the demised premises. It was error to exclude the owner's evidence that it did not get notice of the defect from the lessee until after the accident and that it acted on the notice and the lessee paid for the expense of rehanging the door. Evidence as to the condition of the door shortly after the accident was admissible, but the objections to the questions were properly sustained because of the form of the questions.

There was no error in the trial justice's examination of the witness Driver. The verdict was grossly excessive. Schmidt, Murphy and Ughetta, JJ., concur; Nolan, P. J., and MacCrate, J., concur in the affirmance of the judgment insofar as it dismisses the .third-party complaint, and in the reversal of the judgment in favor of plaintiff, but dissent from the determination that the complaint should be dismissed, and vote for a new trial, with the following memorandum: The evidence was sufficient to sustain the finding by the jury implicit in the verdict that defendant New York Dock 'Company had retained such a measure of control over the leased premises as to require it to maintain them in a reasonably safe condition. (Cf. *Cullings* v. *Goetz*, 256 N. Y. 287, 290; *Scudero* v. *Campbell*, 288 N. Y. 328; *Antonsen* v.·*Bay Ridge Sav. Bank*, 292 N. Y. 143, and *Noble* v. *Marx*, 298 N. Y. 106.) In our opinion, however, the verdict was excessive.