Kenneth J. Emme, Plaintiff-Appellant, v. The Pennsylvania Railroad Company, a Corporation, Defendant-Appellee.

Gen. No. 47,837.

First District, Third Division.

February 1, 1961.

O'Donnell & Schwartz, and Leo S. Karlin & Daniel Karlin, of Chicago (Leo S. Karlin, of counsel) for appellant.

Robert H. Bierma and A. L. Foster, and Kirkland, Ellis, Hodson, Chaffetz & Masters, of Chicago (Max E. Wildman and Frederick W. Temple, of counsel) for appellee.

MR. PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal by plaintiff from a judgment for $20,000 in a Federal Employers' Liability case. The principal issues are the adequacy of the damages awarded, the propriety of the court's conduct in answering a question asked by the jurors after they had retired to consider their verdict, and alleged error in an instruction relating to contributory negligence.

Plaintiff was employed as a member of a wrecking crew which had gone to the scene of a wreck near Kouts, Indiana, about 50 miles from Chicago, for the purpose of raising and rerailing several cars which had been derailed. For that operation a derrick set

on a flat car was used. From the end of the derrick boom a single cable descended. Attached to it was a block out of which dropped two cables, at the end of each of which was a hook. The object to be raised was a truck or that portion of the car consisting of the wheels and connecting appurtenances on which the body of a train car rests. The trucks of the derailed cars weighed three to four tons. To raise them, one hook was attached to a suitable place on one side of the truck and another on the other side. In such an operation, the two hooks cannot be perfectly balanced since the boom is never in absolute center and usually there is some disparity in the sides of the truck or in the rails. Hence there is always some slack. This means that the hook on the slack side has to be held in position until the slack is taken up. For that reason after the hooks have been put in place, the foreman of the wrecking crew signals the engineer to take up the slack, which being done, the movement is halted and the man who is holding the hook on the slack side is given time to get away before the crane takes up the truck and swings it over onto the rails. If the load is well centered, it goes straight up. If not, it will swing like a pendulum. In the operation in question, plaintiff was holding the hook on the slack side in place pending the lifting of the truck. There is a sharp issue of fact at this point. The crane operator testified that on the taking up of the slack, he made the required pause, giving plaintiff time to get away. Plaintiff testified that there was no pause and that therefore he had no time to get out of the way of the truck. Thus, issues of negligence and contributory negligence were formed. The truck went up in the air and swung toward plaintiff. He tried to push it away, but it was too heavy and he fell or was pushed backward and was injured.

■ A sharp issue was made on the extent of plaintiff's injuries. He worked for about three weeks following the accident, but after that was out of work for a period of forty-two months, between the time of the accident and the time of the trial. One physician testified that plaintiff should have recovered from injuries such as he suffered within six months at the outside. Medical expenses incurred by plaintiff amounted to $1,265. There was substantial evidence to support defendant's contention that plaintiff could have gone back to work long before he did, that his injuries were not as serious as he contended, and that he did not go back to work because of the effect it might have had on his claim for damages. We will not go further into this phase of the case because our right to review is limited to determining whether there is evidence of substance to support the verdict, and we are convinced that there is: Pennell v. Baltimore & O. R. Co., 13 Ill. App.2d 433, 437–440, 142 N.E.2d 497, 500–501; Perez v. Baltimore & O. R. Co., 24 Ill.App.2d 204, 209, 164 N.E.2d 209, 211.

Plaintiff appears to recognize the narrow area within which the court is limited in its consideration of damages, but argues that the alleged erroneous communication by the judge with the jury and an alleged error in an instruction relating to the reduction of damages because of contributory negligence are responsible for what he considers to be an inadequate verdict. The communication which the court had with the jury was in response to a request by the foreman to see the judge. The judge went to the door of the jury room and while standing in the open doorway, was asked by the foreman if their verdict had to be unanimous. The judge responded in the affirmative. About fifteen minutes later the jury returned its verdict. A stipulation had been entered into that the jury

could sign, seal and separate upon reaching a verdict. The judge sent for the attorneys upon receiving the verdict. He told plaintiff's attorney of the incident in question, and at plaintiff's request the jury was brought in the following day. The judge told what had occurred and the foreman of the jury and the bailiff told the story under oath, each substantiating what the judge had said. It was in our opinion an insignificant episode.

■ Juries are the final agency for solution of many thousands of factual disputes which beset the courts. Such an agency must have stamina enough to withstand a diversion as slight as the one in question. In an earlier time, when such disputes had not overwhelmed the courts and a jury case presented an entertaining drama for a good portion of the community, a strict observance of the rules could be imposed. Undoubtedly, the early cases in this state prohibited any communication whatever between judge and jury after the jury had retired. Necessity and common sense have brought about a relaxation of that severe discipline. It is now the rule both in civil and criminal cases that a verdict will not be set aside when it is apparent no injury resulted from a communication to the jury either by the court or by third persons. People v. Brothers, 347 Ill. 530, 548, 180 N.E. 442, 448; People v. Tilley, 411 Ill. 473, 104 N.E.2d 499.

There is no need to go into the law prior to those cases, since it is examined and the authorities discussed in the Brothers case, supra, at pages 547–549. That was a murder case. The jury sent a written communication to the judge, inquiring whether there was any instruction relative to a form of verdict given to the jury to be used if they found the defendant guilty of manslaughter. Such instructions had accompanied the other forms. The court determined that the manslaughter form of verdict had been given to the jury

102

inadvertently, since *there* was no evidence to warrant a manslaughter verdict. The court withdrew that form of verdict and returned the other forms to the jury. All this was outside the defendant's presence. The jury found the defendant guilty of murder and, as we have said, the Supreme Court held that this was not reversible error. It requires no stretch of the imagination to see that the possibilities of misunderstanding in that case were greater than in the case before us.

Plaintiff seeks to distinguish the instant case on the ground that in the Brothers case there was no communication between court and jury. It is true that there was no *oral* communication, but the withdrawal of the manslaughter verdict and the return to the jury of the other forms was a character of communication far more impressive and important than the simple question asked by the jury and answered by the judge in the instant case. In People v. Tilley, supra, the court did have oral communication with the jury which, while not considered good practice, was held not prejudicial to the defendant, in accordance with the rule set down in the Brothers case.

██ ██ Plaintiff argues that the jury might have been unable to agree and should have been told that they had the right to persist stubbornly in their point of view, even to disagreement with their fellow jurors. However, the decisions of our courts are against such instructions as will tend to encourage disagreement. Starac v. Corsale, 22 Ill.App.2d 142, 159 N.E.2d 384; Williams v. Yellow Cab Co., 11 Ill.App.2d 112, 136 N.E.2d 582; Chicago City Ry. v. Shreve, 128 Ill. App. 462. We find no reversible error in the judge's conduct.

██ The instruction on contributory negligence of which plaintiff complains is as follows:

"The court instructs the jury that under the Federal Employers' Liability Act if you find

103

from a preponderance of the evidence that both the plaintiff and the defendant were guilty of negligence which contributed to bring about the injury in question, then you should apportion the damages, finding against the defendant only in that apportioned amount which its negligence, if any, bears to the whole."

There is no question of the right of the defendant to an instruction on this point. Pinkstaff v. Pennsylvania R. Co., 20 Ill.2d 193, 170 N.E.2d 139.

■ Plaintiff contends, however, that this instruction is erroneous because the instruction fails to advise the jury that the burden of proving contributory negligence was on defendant. It will be noted that the instruction tells the jury that *if they find from a preponderance of the evidence* that the plaintiff was guilty of contributory negligence, they may reduce the damages proportionately. This is the equivalent of saying that before defendant could avail itself of this right to a reduction of damages, it had to prove by a preponderance of the evidence that plaintiff was guilty of contributory negligence. Instructions substantially in that form without specific reference to the burden of proof have been approved. Nickell v. Baltimore & O. R. Co., 347 Ill. App. 202, 106 N.E.2d 738. (The instruction is not set forth in the opinion but is quoted in haec verba in 1 Hemphill, Illinois Jury Instructions, Sec. 2601, 1959 Supplement.) Avance v. Thompson, 320 Ill. App. 406, 417, 51 N.E.2d 334, 339–40. Instructions were tendered by plaintiff concerning the issues and the burden of proof. He could readily have included in those instructions the language he desired.

■ It is plaintiff's contention that the instruction in question is peremptory and therefore had to include all the elements. It does not conclude with a direction to the jury as to how they shall find, but only advises

the jury of circumstances under which there may be an apportionment of damages. It is not peremptory. Avance v. Thompson, supra.

■ We feel we must comment on a phase of this case which is not related to the issues made on the trial. In defendant's brief it is said, pages 15–16:

> "Although it is not formally of record, we are confident that plaintiff's counsel will stipulate the facts to be that his client is no longer unemployed, but that since June, 1959, he has been employed in sales promotion by the Schaeffer Oil & Grease Co., of St. Louis, Missouri, a manufacturer of heavy duty lubricants. (See Appendix A, infra.) We are told that he works on commission, and that he services his territory on foot and by car. We further understand he has held this position for the last year and a half, that his company considers his work satisfactory, and that his gross commissions are now averaging $350 per month. (See Appendix B, infra.)"

(Defendant's Appendix A consists of a letter from its District Claim Agent in Logansport, Indiana, to its Claim Agent in St. Louis, Missouri, and Appendix B of a letter from him to the Assistant General Solicitor.) This was wholly improper and obviously was made by defendant's counsel with knowledge of its impropriety. A brief seeking to justify their position cites cases clearly distinguishable and draws analogies that are unsound. Authorities relating to dismissal of appeals in cases which have become moot have no relevancy to the point here involved.

Judgment affirmed.

McCORMICK and DEMPSEY, JJ., concur.