ANTHONY LA SCALEA et al., Appellants, v. WOOLSEY HOLDING CORP., Respondent, et al., Defendant.—

In our opinion, the lease provision reserving to defendant Woolsey Holding Corp., the landlord, the right to enter the demised premises, examine them, and make any repairs it deemed necessary or desirable, together with the evidence of actual prior repairs made by the landlord, raises a jury question as to whether the landlord reserved such control as would render it liable for failure to correct the alleged dangerous condition (*Scudero* v. *Campbell,* 288 N. Y. 328; *De Clara* v. *Barber S. S. Lines,* 309 N. Y. 620; *Boreyko* v. *Bay Ridge Sav. Bank,* 274 App. Div. 1060; *Reische* v. *Montgomery,* 273 App. Div. 824; *Allen* v. *Watson,* 275 App. Div. 1046). We also believe that the evidence that the wooden stairway was "rotten" before and at the time of the accident, was sufficient to raise a jury question as to said defendant's constructive notice of the defective condition (cf. *Scudero* v. *Campbell, supra*). Beldock, Acting P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ., concur.