John Mertke, Plaintiff-Appellant, v. Frank Kracik, Defendant-Appellee.

Gen. No. 52,633.

First District, Fourth Division.
November 5, 1969.
Rehearing denied May 27, 1970.

Eearl D. Yaffe, Yaffe and Yaffe, of Chicago, for appellant.

Kenneth E. Streckert, of Chicago, for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Plaintiff, as lessor, brought a joint action to recover possession of certain premises in Chicago, and for unpaid rent due from defendant-lessee in the amount of $1,750 then accrued. The court rendered judgment in defendant's favor on both claims. Plaintiff has appealed, and contends that the trial court erred in admitting parol evidence to alter the terms of the lease agreement upon which the actions are based. The point at issue concerns a payment of $3,600 to plaintiff by defendant prior to execution of the lease, which the trial court credited to defendant as rent paid under the lease.

The lease in question is a standard printed form in which essential terms have been filled in by longhand, and with a longhand rider attached. It provides for $9,000 rent, payable in 36 installments of $250 for the term beginning April 1, 1965, and expiring March 31, 1968. Both lease and rider were duly executed by the parties.

Defendant testified that he had entered into the lease with plaintiff for the purpose of conducting a rooming-house business on the premises. He admitted that he had not made any monthly installment payments of rent after January, 1967, but claimed that he had paid all rent due under the lease. He stated that plaintiff had asked for $3,600 in advance, which he paid; and that plaintiff had asked for this payment "In case you no pay rent." This latter testimony was objected to by plaintiff's attorney on the ground that the terms of the written instrument could not be changed by parol evidence, but the court overruled the objection. Defendant further testified that the $3,600 had been paid before they made a deal and prior to the execution of the lease; that he had not purchased anything with this money; and that it

had been given to plaintiff as a security deposit applicable to the monthly installment payments. The $3,600 was paid in three payments between March 13 and 18, 1965. (The lease was executed on April 1, 1965.) Fifteen months later, defendant requested and obtained from plaintiff a single receipt for these payments. This receipt, prepared by plaintiff, recited that the payments had been made "for a 3 years lease, at a low monthly rental of $250." Defendant did not accept the receipt, as he claimed it should have described the $3,600 as "rent security" instead of "low payment rent."

Ida Kleinschmit testified on behalf of defendant that she had lived in plaintiff's rooming house while working with defendant. She was responsible for arranging a meeting between plaintiff and defendant at which plaintiff offered the lease to defendant and demanded $3,600 "as deposit in case [defendant] doesn't pay the rent." The lease was not executed in the witness' presence.

Plaintiff testified that the $3,600 payment (in effect, $100 per month for the term of the lease) was purchase money to buy the rooming-house business, and was distinct from the lease agreement to pay $250 monthly. When Mrs. Kleinschmit brought defendant to him, she said, "This man wants to buy your business." In the conversation which then took place, he told defendant, "This business costs $3600 and costs you a low rental of $250." He issued separate receipts for payments of $2,500 by bank draft on March 13, 1965, $100 in cash, and an additional $1,000 certified check on March 15, 1965. The single receipt was given later, and indicated that it cancelled these prior receipts. The lease was signed after payment of the $3,600.

The basic issue before this court is whether the court erred in allowing testimony relating to the $3,600 pay-

ment and in deciding that it should be applied to rent under the lease.* Plaintiff contends that this amounted to a variation in the terms of the written lease which "speaks for itself," and that the court improperly resorted to parol evidence to change the terms of a document which is clear and unambiguous on its face.

■ ■ Where, as here, an agreement is reduced to written contract form, complete on its face and unambiguous, the writing affords the only evidence of the terms of the contract, and parol evidence is not admissible to alter the terms as written. Lane v. Sharpe, 3 Scam 566; Armstrong Paint & Varnish Works v. Continental Can Co., 301 Ill 102, 133 NE 711. The parol evidence rule is one of substantive law, a rule of contract construction. See Cleary, Handbook of Illinois Evidence, 1963, § 16.3. It was well explained in the Armstrong case, where the court stated at page 106:

> When parties sign a memorandum expressing all the terms essential to a complete agreement they are to be protected against the doubtful veracity of the interested witnesses and the uncertain memory of disinterested witnesses concerning the terms of their agreement, and the only way in which they can be so protected is by holding each of them conclusively bound by the terms of the agreement as expressed in the writing. All conversations and parol agreements between the parties prior to the written agreement are so merged therein that they can not be given in evidence for the purpose of changing the contract or showing an intention or understanding

---

\* Plaintiff points out that the rental called for by the lease for the remainder of the term when defendant stopped making monthly payments, was not $3,600 but $3,500.

different from that expressed in the written agreement. . . . But the contentions of the parties to the contract are not the criterion which should guide the court in determining whether the written contract is a full expression of the agreement of the parties. The court must determine this from the writing itself. If it imports on its face to be a complete expression of the whole agreement,—that is, contains such language as imports a complete legal obligation,—it is to be presumed that the parties introduced into it every material item and term, and parol evidence cannot be admitted to add another term to the agreement although the writing contains nothing on the particular term to which the parol evidence is directed.

Defendant asserts that the parol evidence rule cannot be invoked here since the testimony was not objected to. The premise of this contention is factually incorrect, however, because plaintiff's counsel did object specifically to the introduction of the questioned testimony concerning the $3,600 payment.

The lease agreement is unequivocal: it contains no mention of a $3,600 payment. The only provision relating to payment sets forth defendant's agreement to pay

> as rent for said demised premises the sum of nine thousand ($9,000.00) dollars payable in thirty six installments of two hundred fifty ($250.00) dollars each in advance on the first day of each and every month of said term. . . .

██ We conclude that all evidence concerning the $3,600 payment was improperly admitted. The judgment of the Circuit Court is reversed, and the cause is re-

manded with direction to enter judgment in favor of plaintiff for both possession and rent.

Reversed and remanded with directions.

McNAMARA and STAMOS, JJ., concur.