DANNY JONES, a Minor, by Jaime Stowe, his Mother and Next Friend, Plaintiff-Appellee, *v.* CHICAGO HOUSING AUTHORITY, Defendant-Appellant.

First District (4th Division)   No. 76-926

Opinion filed April 6, 1978.

Richard J. Aronson, of Chicago, for appellant.

Daniel Nagle, of Chicago, for appellee.

Mr. JUSTICE LINN delivered the opinion of the court:

Plaintiff, Danny Jones, age 5, while residing in a sixth floor Chicago Housing Authority apartment, fell out of a bedroom window, causing injuries to both of his legs. Suit was brought in his behalf by his mother as next friend. The trial court entered judgment on a jury verdict for plaintiff of $7,500.00. Defendant, Chicago Housing Authority appeals, contending (1) that defendant breached no duty to plaintiff, (2) that the verdict was against the manifest weight of the evidence, (3) that argument of plaintiff's counsel was prejudicial and (4) that the trial court improperly instructed the jury.

We affirm.

On November 5, 1969, after finishing school, plaintiff came home to his sixth floor apartment and went into his bedroom. He wanted to look out of the window but the window sill was higher than his height. Plaintiff climbed a radiator, then onto the headboard of a bed which was positioned near the window. As he looked out, his head touched the window, which swung open, and he fell out. He broke both of his legs. The window was a casement type which opened by pushing the window out and away from the frame. It could be securely locked in a closed position through the use of a latch. While the bottom portion swung out, the upper portion moved downward on a track in the frame. There was a two-inch ledge on each side of the window.

Before this occurrence, plaintiff's mother had telephoned C.H.A. twice over a period of several weeks to report that the window latch had

broken. Ordinarily, repairs would be made by defendant within a few days after being informed of the need for repairs. However, no attempt was made to repair the latch prior to the time plaintiff was injured.

Defendant's witness, Daryl Stubblefield, testified that he was playing outside when he looked up to see plaintiff apparently trying to crawl from one window to the other along the outside ledge when plaintiff fell.

OPINION

Defendant initially contends that the trial court erred in not granting its motion for a directed verdict since there was no duty to maintain a window latch to keep persons from falling out the window.

Verdicts ought to be directed in cases where all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.) Here, we do not believe the defendant was entitled to a directed verdict in its favor.

■■■ In the present case, the evidence disclosed that defendant had previously made repairs to the premises when notified of the need. Ordinarily, a landlord owes no duty to a tenant to make any repairs for any defects unless he agrees to do so by the terms of some express covenant or agreement. (*Forshey v. Johnston* (1971), 132 Ill. App. 2d 1106, 271 N.E.2d 81) or where there are latent defects of which the landlord either has knowledge or is chargeable with knowledge, in which case he has a duty to disclose them. (*Thorson v. Aronson* (1970), 122 Ill. App. 2d 156, 258 N.E.2d 33; 24 Ill. L. & Prac. *Landlord and Tenant* §302 (1956).) While there was no direct evidence that defendant expressly covenanted to make repairs, his course of conduct in consistently repairing that which was reported to be in need of repair may establish a duty to properly maintain the premises in which plaintiff resided. (See *Jordan v. Savage* (1967), 88 Ill. App. 2d 251, 232 N.E.2d 580.) We note that defendant did not challenge plaintiff's proof that defendant had a duty to repair. Accordingly, the jury could properly have concluded that such a duty existed.

In *Strong v. Soodvoisky* (1908), 141 Ill. App. 183, relied upon by defendant, it was held that there was no duty, as a matter of law, to repair a window latch located in the leased premises, and therefore no negligence could be attributed to the defendant landlord. In *Strong*, a pattern of repairs by the defendant, made upon the request of the tenant, had not been established.

Defendant further contends that a property owner need not foresee that a person may fall out of a window because of a defective latch. This issue involves determining the scope of the foreseeable risk involved in a

negligent act. In *Mangan v. F.C. Pilgrim & Co.* (1975), 32 Ill. App. 3d 563, 569-570, 336 N.E.2d 374, 379-80, the court stated:

> "Although the element of foreseeability, essential to a finding of liability for negligence, has been dealt with from the aspect of 'duty' (see *Palsgraf* [*v. Long Island R. Co.*, 248 N.Y. 339, 162 N.E. 99] and Prosser [on Torts, ch. 7 §43 (4th ed. 1971)]), it has also, and more traditionally, been approached from the standpoint of 'proximate cause.' In Illinois, for example, it has often been stated that for the requirement of proximate cause to be fulfilled, an injury must be the natural and probable consequence of a negligent act or omission. (*Ney v. Yellow Cab Co.*, 2 Ill. 2d 74, 79, 117 N.E.2d 74, 78-79.) This test includes a consideration of whether the injury is a consequence of the negligent act or omission which human foresight could anticipate, *i.e.*, whether the injury was foreseeable. (2 Ill. 2d at 79, 117 N.E.2d at 79; see also Ill. L. & Pr. *Negligence* §105.) It has also been stated that where it could have been reasonably foreseen that some injury might result from the negligent act or omission complained of, it is not essential that the precise consequences which actually resulted therefrom should have been foreseen. See *Blue v. St. Clair Country Club*, 7 Ill. 2d 359, 131 N.E.2d 31; *Ney v. Yellow Cab Co.*, 2 Ill. 2d 74, 117 N.E.2d 74; 28 Ill. L. & Pr. *Negligence* §105 (1957)."

■■ In *Madison v. Rueben* (1970), 128 Ill. App. 2d 11, 262 N.E.2d 794, a minor fell through a broken window located in a common passageway after she had sat down on the window sill. The court held that whether defendant breached a duty owed to plaintiff, and whether this was the proximate cause for her injuries, was ordinarily a question of fact which should be decided by the trier of fact. Similarly, we find that the questions presented in the instant case were for the jury to decide.

■■ As in the *Madison* case, defendant attempts to cite cases involving window screens to support its argument that there was no duty owed to plaintiff. (*Crawford v. Orner & Shayne, Inc.* (1947), 331 Ill. App. 568, 73 N.E.2d 615; *Gasguoine v. Bornstein* (1956), 10 Ill. App. 2d 423, 135 N.E.2d 121.) However, these cases are inapplicable. As the above cases indicate, screens serve a particular purpose and are not expected to be of sturdy construction. Thus, the trial court was correct in denying defendant's motion for a directed verdict.

Defendant also contends that a new trial should have been granted since the verdict was against the manifest weight of the evidence. Reviewing courts will not overturn the verdict of the jury as contrary to the manifest weight of the evidence unless the opposite conclusion is clearly evident. (*Lawson v. G.D. Searle & Co.* (1976), 64 Ill. 2d 543, 356 N.E.2d 779.) In passing on this question, we must take into consideration

not only the jury's verdict, but also the fact that the trial judge saw and heard the witnesses and considered the evidence and the arguments of counsel before denying the motion for a new trial. (*Mokrzycki v. Olson Rug Co.* (1960), 28 Ill. App. 2d 117, 170 N.E.2d 635.) Allowance or refusal of a new trial based on weight of evidence is addressed to the trial court's sound discretion and that judgment will not be disturbed unless clear abuse has been shown. (*Torres v. Raag* (1976), 43 Ill. App. 3d 779, 357 N.E.2d 632.) In the present case, the evidence was sufficient to sustain a verdict for plaintiff.

Next, defendant contends that remarks of plaintiff's attorney during closing argument were so prejudicial as to warrant the granting of a new trial. The claimed prejudice arose from the following statement.

> "In other words, if you return a verdict in favor of the Plaintiff, you are not giving Jaime Stowe a check for $15,000.00 or whatever it is. You are not giving Danny Jones a pocket full of money to go out and do what he wants. Any money that he gets as a result of this lawsuit * * *."

Objections were sustained to this line of argument on the basis that whether a fund would be established for plaintiff was outside the scope of matters to be considered by the jury.

■■ An argument must be clearly improper and prejudicial in order for a reviewing court to reverse a verdict on these grounds. (*Wanner v. Keenan* (1974), 22 Ill. App. 3d 930, 317 N.E.2d 114.) We do not believe this argument caused prejudice to the defendant.

Lastly, defendant claims that it was error for the trial court to instruct the jury during its deliberations. The record discloses that after retiring to deliberate its verdict, the jury made a written inquiry of the trial court as to whether they were to consider medical expenses in assessing damages. Over objection of defense counsel, the trial judge informed the jury that they were not to include medical expenses if they were to award damages. The jury again retired and reached a verdict within moments.*

■■ Section 67 of the Civil Practice Act requires the trial court to give instructions to the jury only in writing, and, in no case after instructions are given, is the court to clarify, modify, or in any manner explain them to the jury otherwise than in writing, unless the parties agree otherwise. (Ill. Rev. Stat. 1973, ch. 110, par. 67(1).) The rule was adopted so as to protect the privacy of jury deliberations, to enable the parties to be apprised of any communications to the jury, and to allow a record to be preserved. (*People v. Brothers* (1932), 347 Ill. 530, 180 N.E. 442; *Emme v. Pennsylvania R.R. Co.* (1961), 29 Ill. App. 2d 97, 172 N.E.2d 507.) However, "[i]t is now the rule both in civil and criminal cases that a

---

* The trial court stated for the record that the jury had reached a verdict within 40 seconds after retiring a second time.

verdict will not be set aside when it is apparent no injury resulted from a communication to the jury either by the court or by third persons." *Emme v. Pennsylvania R.R. Co.* (1961), 29 Ill. App. 2d 97, 102, 172 N.E.2d 507, 509.

■■ We note that the communication with the jury, while oral and over objection of defense counsel, was in open court and preserved in the report of proceedings. The sole response to the jury by the court was that medical expenses were not to be included in any award of damages. We do not believe that this communication could cause prejudice to defendant.

For the aforementioned reasons, the judgment of the trial court is affirmed.

Affirmed.

JOHNSON, P. J., and DIERINGER, J., concur.

