ST. MARY'S HOSPITAL *et al.*, Plaintiffs, v. GARY L. AUBURN *et al.*, Defendants and Third-Party Plaintiffs-Appellants, (Charles Ekiss *et al.*, Ex'rs of the Estate of Florence Ekiss, Deceased, Third-Party Defendants-Appellees).

Fourth District   No. 4—84—0243

Opinion filed November 13, 1984.

Robert D. Owen and Darrel F. Parish, both of Owen, Roberts, Susler, Ltd., of Decatur, for appellants.

Robert A. Hoffman, of Ryan, Grabb, Cini & Bennett, of Mattoon, for appellees.

JUSTICE GREEN delivered the opinion of the court:

This appeal arises from a third-party complaint filed on February 27, 1976, in a pending suit in the circuit court of Macon County by Gary L. Auburn and his then wife, Karen McKinney, who were defendants in that case, against Florence M. Ekiss and others. The third-party complaint sought recovery for personal injuries and property damage resulting from a fire and explosion which occurred on the night of October 11, 1974, on premises in Bethany rented by third-party plaintiffs from their landlord, third-party defendant Ekiss. A trial by jury was held solely concerning the responsibility of the landlord. Third-party plaintiffs appeal from a judgment entered on a verdict in favor of the landlord. During the course of litigation, Mrs. Ekiss died, and her executors, Charles Ekiss and Alberta Rogers, have been substituted in her stead. Third-party plaintiffs have appealed. They maintain the trial court erred in permitting the jury to consider a portion of the lease between the parties which purported to set forth an exculpatory provision. We affirm.

The third-party complaint alleged that the fire and explosion were proximately caused by a defect in the furnace in the house on the premises or a defect in the gas line from that furnace to a propane tank outside the house. The theory upon which third-party plaintiffs sought recovery is that the landlord assumed certain responsibilities in regard to the maintenance of the furnace, and that the defect causing the fire and explosion would have been corrected had she or

her agents not been negligent in discharge of the responsibilities assumed. We conclude that the evidence would not have supported a determination by the jury that Mrs. Ekiss or her agents had negligently failed to discharge any assumed obligation, and no verdict for third-party plaintiffs could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.) Accordingly, any error that might have occurred in permitting consideration of the lease provision was immaterial.

The lease was entered into on October 6, 1973. It had been prepared by an attorney for Mrs. Ekiss, Jacques Scott, who, apparently, also acted as her agent in managing her affairs. An express provision of the lease required the tenants to make necessary repairs to the premises. The lease did authorize the landlord to enter the premises to make repairs, but such a provision does not require a landlord to do so. *Hurt v. Pershing Mobile Home Sales, Inc.* (1980), 83 Ill. App. 3d 724, 404 N.E.2d 842.

In support of third-party plaintiffs' contention that Mrs. Ekiss became liable by assuming obligations to make repairs to the furnace, they cite *Jones v. Chicago Housing Authority* (1978), 59 Ill. App. 3d 138, 376 N.E.2d 26. There, the evidence showed that the housing authority had the practice of making repairs to premises of tenants upon the tenant's request. A tenant had made requests to the authority to repair a window latch, but the authority had failed to do so. Recovery against the authority was permitted in favor of the tenant's small child, who had been leaning against the window and fell through when the defective latch gave way. The court noted that when a practice of making repairs on behalf of tenants at their request has been followed, a landlord "may establish a duty to properly maintain the premises in which plaintiff resided." 59 Ill. App. 3d 138, 140, 376 N.E.2d 26, 28.

The *Jones* court cited *Jordan v. Savage* (1967), 88 Ill. App. 2d 251, 232 N.E.2d 580. There, a tenant had requested a landlord to repair a bannister on a stairway used only for her apartment. The landlord had come to the apartment and attempted to repair the bannister. The court upheld a judgment on a verdict based on the landlord's negligent failure to repair the bannister and subsequent injuries to the tenant resulting from a fall when the bannister gave way. A similar result was reached in *Roesler v. Liberty National Bank of Chicago* (1954), 2 Ill. App. 2d 54, 118 N.E.2d 621, under substantially similar circumstances except that the negligence was committed by a carpenter sent by the landlord rather than by the landlord himself.

Jacques Scott testified that he had made arrangements with a

firm named Shelby Sheetmetal to "service" the furnace in the rental house, and that he asked the firm to make annual inspections of the furnace. According to his records, the firm made an inspection of the furnace on October 23, 1973, but had made no more inspections prior to the fire. Gary Auburn testified that during the winter of 1974 he had difficulty with the furnace. He stated that as the firm suggested by Scott was unavailable, another firm was obtained, repairs were made, and the bill was sent to Scott.

The facts in the instant case differ from those in the cited cases. In *Jordan* and *Roesler*, the landlord or his agent undertook to make repairs and did so negligently. The holding in those cases was merely an application of the general rule that liability can arise from negligence in performance of a voluntary undertaking. (See *Nelson v. Union Wire Rope Corp.* (1964), 31 Ill. 2d 69, 74, 199 N.E.2d 769, 773.) In *Jones*, the landlord had failed to perform a service that it had been performing on request. Here, the only request from the third-party plaintiffs was for repairs. There was no evidence to tie the cause of the fire to negligence in the making of the repairs apparently paid for by the landlord.

Third-party plaintiffs seek to place liability upon the landlord because no inspection was made in the fall of 1974 prior to the explosion. They contend that, because of the obligation undertaken by the landlord, due care required that she have the furnace inspected that fall before the heating season started, and that season had started before the fire. The evidence did not show that third-party plaintiffs had been advised of Scott's plan to have the furnaces inspected annually. No request for an inspection was made by the third-party plaintiffs. The only conduct establishing a practice of annual inspections of the furnace was the evidence that one inspection was made in the fall of 1973. This was, of itself, not sufficient to establish a practice of making yearly inspections. The evidence did not show that third-party plaintiffs knew of Scott's plans to have annual inspections made. However, even if they had known, this was not a plan to have them made before the heating season each year. There had been no breach of the proposal for annual inspections, as the period of one year had not elapsed from the first inspection.

Thus, here there was no evidence of negligent performance by the landlord or anyone on her behalf as to any work on the furnace. There was no evidence of nonperformance of anything requested by the third-party plaintiffs, and there was no evidence of nonperformance of any functions that had been performed by or on behalf of the landlord. Thus, regardless of whether it would have been

desirable to have an inspection of the furnace before its first use in the fall of 1974, the evidence does not support a finding of any duty on the landlord to have such an inspection made by that time.

Some evidence was presented that the explosion resulted from propane gas leaking from the furnace or its feed line. Perhaps a jury could properly have concluded that the leak would have been discovered by a careful inspection. However, we need not pass upon the sufficiency of this evidence.

Because of the lack of showing of a breach of duty by Florence M. Ekiss or anyone acting on her behalf, we affirm.

Affirmed.

MILLS, P.J., and TRAPP, J., concur.