*In re* MARRIAGE OF MARVIN E. DAVENPORT, Petitioner-Appellee, and ROZELLA M. DAVENPORT, Respondent-Appellant.

Fourth District    No. 16032

Opinion filed January 21, 1981.

WEBBER, J., specially concurring.

Frank H. Byers, of Byers, Byers & Greenleaf, of Decatur, for appellant.

John R. Gehlbach, of Lincoln (Frederic W. Nessler, of counsel), for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

The circuit court of Logan County granted petitioner Marvin E. Davenport's petition to dissolve his 15-year marriage to respondent Rozella M. Davenport, denied her counterpetition for separation rather than dissolution and divided the property of the parties. Respondent appeals, asserting that (1) the denial of her counterpetition was improper, and (2) the property division was an abuse of discretion.

In the petition for dissolution husband alleged numerous acts of extreme and repeated mental cruelty by respondent, and at the hearing

respondent admitted to several such acts including an incident where she poured and ignited kerosene on the bed upon which petitioner was lying at the time. This conduct clearly established grounds entitling petitioner to a dissolution of the marriage. Nonetheless respondent, wishing to retain spouse benefits from petitioner's employment, maintains that the trial court erred in granting husband's petition for dissolution without first conducting a hearing on her counterpetition for legal separation.

Section 402 of the Marriage and Dissolution of Marriage Act provides that a party otherwise entitled to a dissolution judgment may request a judgment of legal separation "rather than a judgment of dissolution of marriage, [and] the court shall grant the judgment in that form, provided that * * * such separation has been without the petition[ing] [party's] fault." (Ill. Rev. Stat. 1979, ch. 40, par. 402.) Here, respondent filed, before hearing, a counterpetition for legal separation which was in proper form. She attempted to present evidence relevant to this petition in her cross-examination of respondent but the court ruled it to be out of order. The court later entered judgment for dissolution without permitting the respondent an opportunity to present evidence on her counterpetition.

The Marriage and Dissolution of Marriage Act is silent as to the order of proceeding where, as here, such a petition and a counterpetition were on file. The apparently logical practice would be to try the petition and counterpetition together as far as the question of grounds is concerned because the issues are so interrelated. This is the ordinary practice in other civil proceedings (Ill. Rev. Stat. 1979, ch. 110, par. 44(2)). Although that was not done here, we find no reversible error to have occurred here because respondent's own evidentiary admissions at the hearing established that she (1) set fire to her husband's bed with kerosene while he was on it, (2) made statements to him indicating an intent to kill him though actually she did not have that intent, and (3) attempted to make him suffer. These admissions conclusively show that she was not without fault in leaving him. To have heard other evidence on her request for legal separation would have been useless.

Although as stated by respondent, the purpose of the Act is to "strengthen and preserve the integrity of marriage and safeguard family relationships" (Ill. Rev. Stat. 1979, ch. 40, par. 102(2); see also *Jarrett v. Jarrett* (1979), 78 Ill. 2d 337, 400 N.E.2d 421, *U.S. appeal pending*), we do not interpret section 402 to intend to enable a spouse at fault in a marriage to be able to prevent the other spouse from obtaining a dissolution. We do not agree that such a spouse may prevent a dissolution unless that spouse has abandoned or deserted the other spouse. Such an interpretation would be a most unusual attribute of an Act which otherwise permits an order of dissolution on the petition of a party who is at fault. Here, it would be

used by a party at fault for the admitted purpose of retaining her husband's benefits from his employer.

This couple's property consisted primarily of three pieces of real estate, namely, (1) a home in Herrick, Illinois, which was given to respondent by her mother for investment purposes, (2) the parties' marital residence, and (3) an unimproved lot in Colorado which respondent purchased in 1979 for $5,500 and on which she still owed $2,400. The court awarded the Herrick home to respondent as her separate nonmarital property. The marital residence and Colorado property were each determined to be marital property, with the marital residence to be divided equally between the parties, and the Colorado property was awarded to respondent subject to her paying $1,550 to petitioner. The parties' personal property was divided as requested by the parties. Respondent contends that the court abused its discretion in making this division.

Although respondent, a licensed carpenter, did a good deal of work to improve the marital residence, petitioner's undisputed testimony established that he also did a great deal of remodeling work on both the marital residence and the parties' prior homes, the sale of which provided the down payment on the current residence. Respondent maintains that she made all payments on a mortgage, the proceeds of which were used to improve the latest marital residence. However, petitioner testified that some of the proceeds were used for furniture. Furthermore, there was no proof that nonmarital funds were used to make the payments. Thus we conclude that the residence was divided "in just proportions considering all relevant factors." Ill. Rev. Stat. 1979, ch. 40, par. 503(c).

Similarly we conclude that the division of the Colorado property was "in just proportions considering all relevant factors." Although respondent purchased the property in her separate name, she did so during the marriage with money she did not prove to be nonmarital funds. As such the property was marital property and a portion could properly be awarded to petitioner. By awarding petitioner a fixed sum, respondent was impliedly awarded any appreciation in value in recognition of the fact the property was obtained through her efforts. In addition the court could properly consider that, unlike petitioner, respondent was awarded a substantial amount of nonmarital property. (See Ill. Rev. Stat. 1979, ch. 40, par. 503(c)(2).) In view of these factors we deem the property division just.

We affirm.

Affirmed.

TRAPP, P. J., concurs.

Mr. JUSTICE WEBBER, specially concurring:

I concur in the result reached by the majority opinion, but not in the reasoning for it. I am further of the opinion that the trial court reached the proper result but only because of fortuitous circumstances.

Section 402 of the Marriage and Dissolution of Marriage Act clearly expresses a preference for legal separation in lieu of dissolution. Its language is mandatory: "shall." The only way in which a trial court could determine whether grounds for legal separation exist is to try that issue first. If such grounds are not made out, the petition for legal separation should then be dismissed and the court should then proceed to the petition for dissolution. The latter procedure may not even be necessary in most cases since the matter will always be contested when there are petition and counterpetition before the court. Evidence supporting the dissolution would normally be introduced in cross-examination of the party seeking legal separation.

The majority's suggestion that both petitions be tried together only confuses the record and leads to argument over such matters as burden of proof and burden of going forward. Both the trial and appellate courts will have an easier time of it if they are able to determine clearly what evidence is offered by whom in support of what, rather than try to sort out an olio of evidence.

In the instant case, the respondent-counterpetitioner was denied all opportunity to present what evidence she had in support of her counterpetition, either by way of testimony in chief or by cross-examination of the petitioner-counterrespondent. This smacks of a serious lack of due process, even though it was apparent that her motive in seeking separation was not really to preserve the marriage.

The court today sets a dangerous precedent. The next case with a welter of charges and countercharges not present in this one may be considerably less easy of solution.

Section 402 nowhere dictates, as the majority suggests, that a spouse at fault may forfend a dissolution by the simple expedient of filing a counterpetition for separation. All it requires is that the trial court first determine whether there are grounds for separation. If not, the statutory mandate is satisfied.