(No. 54798.—

*In re* MARRIAGE OF ALICE JUDITH ELTREVOOG, Appellant, and EBERT N. ELTREVOOG, Appellee.

*Opinion filed September 17, 1982.*

RYAN, C.J., took no part.

William T. Surin and Bernard L. Engels, of the law offices of Craig M. Armstrong, of Ottawa, for appellant.

C. Stephan Marsh, of Peter F. Ferracuti & Associates, of Ottawa, for appellee.

JUSTICE CLARK delivered the opinion of the court:

Alice J. Eltrevoog and Ebert N. Eltrevoog were married on October 19, 1946, in Ottawa. They lived together as husband and wife from the date of their marriage until August 1, 1960, when Alice moved out. On July 17, 1979, Alice filed a petition for separate maintenance alleging extreme and repeated mental cruelty on the part of Ebert. Ebert responded and filed a counterpetition for dissolution of marriage alleging extreme and repeated mental

cruelty on the part of Alice.

The circuit court of La Salle County found that, without cause or provocation by Alice, Ebert had been guilty of extreme and repeated mental cruelty toward Alice as charged in her petition for separate maintenance, and that Alice had proved the material allegations of her petition. The trial court also found that without cause or provocation by Ebert, Alice had been guilty of repeated mental cruelty toward Ebert as charged in his counterpetition for dissolution of marriage and that Ebert had proved the material allegations of his counterpetition. The trial court, *sua sponte*, went on to declare section 402 of the Illinois Marriage and Dissolution of Marriage Act, entitled "Legal separation" (Ill. Rev. Stat. 1979, ch. 40, par. 402), unconstitutional and of no effect. A judgment for dissolution was entered. An appeal was taken directly to this court pursuant to Rule 302(a) (73 Ill. 2d R. 302(a)).

Section 402 of the Illinois Marriage and Dissolution of Marriage Act (hereinafter the Act) provides:

> "Sec. 402. Legal Separation. If the requirements of Section 401 have been met, except for time periods stated therein, and if a party, prior to trial, requests a judgment of legal separation (formerly known as separate maintenance), rather than a judgment of dissolution of marriage, the court shall grant the judgment in that form, provided that the petitioner has resided in a separate abode from the respondent continuously since the separation, and such separation has been without the petitioner's fault." Ill. Rev. Stat. 1979, ch. 40, par. 402.

In the circuit court's supplement to its original opinion the court stated why it found section 402 of the Act to be unconstitutional. The trial court first expresses concern over the requirement of section 402 that the petitioner must reside in a separate abode "continuously since the separation" (Ill. Rev. Stat. 1979, ch. 40, par. 402). To the trial court such a requirement constitutes "an arbitrary restriction upon the application of section 402."

The purpose of this section's predecessor (Ill. Rev. Stat. 1975, ch. 68, par. 22, repealed; see Ill. Ann. Stat., ch. 40, par. 402, Historical and Practice Notes, at 186 (Smith-Hurd 1980)) was to enable a married woman to bring an action in equity that would provide a remedy unavailable at common law for a woman living apart from her husband. (*Bush v. Bush* (1942), 316 Ill. App. 295; *Schneider v. Schneider* (1941), 312 Ill. App. 59.) At common law a wife who lived apart from her husband, without fault, carried with her the husband's credit to the extent of supplying herself with necessities. A statutory remedy evolved so that a wife, instead of begging credit at stores on her husband's account, could apply to the court for money to provide her a means with which to live. *Van Dolman v. Van Dolman* (1941), 378 Ill. 98; *Bartlow v. Bartlow* (1904), 114 Ill. App. 604.

The right to maintain an action for separate maintenance was eventually extended to husbands. *Bush v. Bush* (1942), 316 Ill. App. 295.

For one spouse to bring an action for separate maintenance under our prior statute he or she must have been living apart from the other spouse. (Ill. Rev. Stat. 1975, ch. 68, par. 22, repealed; *Cooper v. Cooper* (1912), 160 Ill. App. 449.) The requirement that the spouses be living apart remains a prerequisite for a party to successfully bring an action for legal separation under our current statute. (Ill. Rev. Stat. 1979, ch. 40, par. 402.) Contrary to the trial court's characterization, that requirement is a logical and sound one.

The judgment for dissolution of marriage states:

"5. That without cause or provocation by the Petitioner, the Respondent has been guilty of extreme and repeated mental cruelty toward the Petitioner as charged in her Petition for Separate Maintenance and the Petitioner has proved the material allegations of her Petition for Separate Maintenance.

6. That without cause or provocation by the Respondent, the Petitioner has been guilty of extreme and

repeated mental cruelty toward the Respondent as charged in his Counter-Petition for Dissolution of Marriage and the Respondent has proven the material allegations of his Counter-Petition for Dissolution of Marriage by substantial, competent and relevant evidence, and that a Judgment for Dissolution of Marriage should be entered herein."

Those separate findings by the trial court are totally inconsistent and wholly irreconcilable. The court's action in declaring section 402 unconstitutional in the wake of such inconsistent findings misconstrues the statute. The trial court's separate findings of fact cannot stand together. It is not section 402 that is, in the words of the trial court, "impossib[le] of [a] rational interpretation and application." It is rather that section 402 was not given a rational interpretation and application here.

The trial court found that the word "party" in section 402 meant either party to the proceeding, and concluded, under its interpretation of "party," that a party at fault could direct the outcome of the litigation. Recognizing that such a result was patently ridiculous, the court held section 402 of the Illinois Marriage and Dissolution of Marriage Act to be unconstitutional.

Section 402 mandates the same grounds be established as are required for a dissolution of marriage under section 401. Section 402 provides that a party otherwise entitled to dissolution may request a legal separation rather than a judgment of dissolution. It is inconceivable to require that grounds for dissolution of marriage be established before allowing a party to obtain a legal separation and at the same time make grounds irrelevant by permitting a party at fault to require the court to enter a judgment for legal separation by merely making such a request prior to trial. The literal interpretation of the term "party" by the court to mean any party, leads to consequences that the legislature could not have contemplated and surely did not intend. If a reasonable construction will uphold the constitutionality and validity of

a statute, that is the interpretation this court will give the statutory language. *Illinois Crime Investigating Com. v. Buccieri* (1967), 36 Ill. 2d 556, 561; *Illinois National Bank v. Chegin* (1966), 35 Ill. 2d 375, 378; 2A A. Sutherland, Statutory Construction sec. 45.12 (4th ed. 1973).

We agree with the appellate court in *In re Marriage of Davenport* (1981), 92 Ill. App. 3d 675, that the word "party" can only mean one who, seeking a legal separation, is free from fault. We do not interpret section 402 as enabling a spouse at fault in a marriage to be able to prevent the other spouse from obtaining a dissolution. *In re Marriage of Davenport* (1981), 92 Ill. App. 3d 675, 676.

We recognize that the trial court, in determining the weight to be afforded conflicting testimony, is in a far better position to determine the credibility of witnesses. (*In re Marriage of Nilsson* (1980), 81 Ill. App. 3d 580, 587.) The record reflects that each spouse's rendition of who was the cause of their problems during their life together is quite different. Had the trial court judge found solely in favor of either spouse's petition, we could not say that it would be against the manifest weight of the evidence. But the trial court's findings that Alice Eltrevoog was without fault and Ebert was guilty of extreme and repeated mental cruelty towards her, while simultaneously finding that Ebert Eltrevoog was without fault and Alice was guilty of extreme and repeated mental cruelty towards him, simply contradict one another. Such findings cannot stand together.

We therefore find it necessary to vacate the judgment of dissolution and remand for a new trial to allow consistent findings to be made by the trier of fact in resolving the question of which spouse's petition is meritorious.

*Judgment vacated;*
*cause remanded.*

CHIEF JUSTICE RYAN took no part in the consideration or decision of this case.