VICTOR BOASIAKO, Plaintiff-Appellee, v. CHECKER TAXI COMPANY *et al.*, Defendants-Appellants.

First District (4th Division)   No. 84—2816

Opinion filed January 16, 1986.

JIGANTI, J., dissenting.

Jesmer & Harris, of Chicago (Jay L. Hammerman and Charles E. Tannen, of counsel), for appellants.

Richard J. Jaborsky, of Chicago (Michael J. Byrnes, of counsel), for appellee.

JUSTICE JOHNSON delivered the opinion of the court:
Defendants, the Checker Taxi Company and Terry Bryant, one of its drivers, appeal from an order of the circuit court of Cook County. A jury awarded plaintiff, Victor Boasiako, damages of $9,000 for injuries that he received in a collision between his taxi and that of defendants. The jury, however, determined that plaintiff was 40% negligent and, accordingly, reduced its award to $5,400. In a counterclaim by defendants against plaintiff for damage to defendants' taxi, the jury also found for plaintiff, but found no negligence on his part. Defendants appeal from an order denying their post-trial motion for a new trial, contending that (1) the two verdicts were inconsistent and

(2) that the conduct of plaintiff's attorney constituted reversible error. We affirm.

The record shows that on May 16, 1980, plaintiff obtained a passenger near the intersection of Wacker Drive and LaSalle Street, Chicago, and proceeded eastbound on Wacker Drive. He intended to turn left at the intersection of Wacker Drive and State Street and travel north on State Street. The record further shows that defendant Bryant obtained a passenger near the intersection of Michigan Avenue and Wacker Drive and proceeded westbound on Wacker Drive. Bryant intended to continue westbound on Wacker Drive through the intersection at State Street. The taxis of plaintiff and Bryant collided at the intersection of State Street and Wacker Drive, the front right side of Bryant's taxi striking the rear right side of plaintiff's taxi.

Plaintiff filed a complaint against defendants on January 29, 1982. He alleged that Bryant negligently operated his taxi in one or more of several ways, that he received injuries, and that defendants' negligence proximately caused plaintiff's injuries. Defendants filed a counterclaim against plaintiff on February 23, 1982. They alleged that plaintiff negligently operated his taxi in one or more of several ways, that defendants' taxi was damaged, and that plaintiff's negligence proximately caused the damage. Plaintiff testified at trial that he made the left turn at the State and Wacker intersection on a green arrow. Bryant and his passenger testified that they entered the intersection on a green light and that there was no green arrow. On September 4, 1984, the jury returned verdicts for plaintiff and the trial judge entered judgment thereon.

Defendants apparently filed a post-trial motion seeking a new trial. The motion is not found in the record before us. However, we can glean from plaintiff's response to the motion, which *is* included in the record, that defendants claimed that the jury's verdicts were inconsistent and that the conduct of plaintiff's attorney was prejudicial and constituted reversible error. On October 22, 1984, the trial court denied the motion, and it is from this order that defendants appeal.

I

Defendants first claim that the jury's verdicts were inconsistent. The jury found for plaintiff, but determined that he was 40% negligent. In the counterclaim by defendants against plaintiff for damage to defendant's taxi, the jury also found for plaintiff, but found no negligence on his part. Defendants argue that the jury must have been mistaken and confused to return two such verdicts.

Defendants rely on the rule that the same jury on a single set of

facts and circumstances cannot reach two different conclusions of facts as expressed in their verdicts that will support valid judgments unless those opposite, inconsistent conclusions are reconcilable under an applicable rule of law. *Martin v. McCarry* (1971), 2 Ill. App. 3d 650, 654, 275 N.E.2d 897, 900.

■■ The verdicts in the instant case are reconcilable. One of the instructions that the trial judge gave to the jury, adapted from Illinois Pattern Jury Instructions, Civil, No. 21.02 (2d ed. 1971), stated in part:

> "If you find from your consideration of all the evidence that each of these propositions has been proved, then your verdict should be for the [counter]plaintiff, but, if, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved, then your verdict should be for the [counter]defendants."

The record shows that plaintiff denied the elements of negligence, proximate cause and injury in defendants' counterclaim, a separate cause of action. The jury could rationally have decided that defendants did not prove one or more of these elements by a preponderance of the evidence. If defendants did not meet the burden of proof for their cause, then the jury would properly return a verdict for plaintiff.

■■ Under a comparative negligence standard, the parties are allowed to recover the proportion of damages not attributable to their own fault. (*Alvis v. Ribar* (1981), 85 Ill. 2d 1, 16, 421 N.E.2d 886, 892.) Under the "pure" form of comparative negligence, which we follow in Illinois, the trier of fact simply reduces a plaintiff's damages by the percentage of fault attributable to him. (85 Ill. 2d 1, 25.) The principles of comparative negligence do not relieve plaintiff of proving by a preponderance of the evidence the essential elements of an action in negligence: the existence of a duty of reasonable care that defendant owed to plaintiff, breach of that duty and injury proximately resulting from that breach. (*Magnone v. Chicago & North Western Transportation Co.* (1984), 126 Ill. App. 3d 170, 176, 466 N.E.2d 1261, 1266.) We hold that the jury's verdicts were not inconsistent.

## II

■■ Defendants next claim that the conduct of plaintiff's attorney during trial was prejudicial and constituted reversible error, requiring a new trial.

The record shows that plaintiff's attorney referred to plaintiff's employment during his opening statement and direct examination of plaintiff. When defendants, however, attempted to introduce plain-

tiff's income tax returns as evidence of his income for the year of the accident, plaintiff's attorney objected and stated that he was not seeking damages for lost wages; his references to employment did not go to lost income but rather to the length of time plaintiff was away from work due to the hospitalization and recovery from his injuries.

The record further reveals that the trial judge instructed the jury to disregard any testimony on plaintiff's lost time from work. Defendants, however, claim that plaintiff's attorney made two references to plaintiff's employment during his closing argument. Defendants contend that these references to employment inflamed the jury and caused it to misconceive the evidence, resulting in its $9,000 award.

Where the question of liability is sufficiently close so that a jury might reasonably return a verdict for either party, it is essential that the trial judge and attorneys conduct the trial so as not to improperly influence the jury; otherwise, we must reverse the judgment. (*Mattice v. Klawans* (1924), 312 Ill. 299, 304, 143 N.E. 866, 868; *Shehy v. Bober* (1979), 78 Ill. App. 3d 1061, 1071, 398 N.E.2d 80, 88.) However, a closing argument must be clearly improper and prejudicial in order for a reviewing court to reverse a judgment on these grounds. *Jones v. Chicago Housing Authority* (1978), 59 Ill. App. 3d 138, 142, 376 N.E.2d 26, 30.

■ We conclude that the challenged remarks of plaintiff's attorney were not clearly improper or prejudicial. Defendants cite two instances during closing argument where plaintiff's attorney mentioned plaintiff's lost time from work. Defendant's first citation to the record reveals no discussion of employment whatsoever, while the second citation reveals the following statement:

> "What is a disability. Disability can be many things. Disability can be time away from your family. This man was in the hospital for some seven days. He obviously did not attend to his family and to his business while he was away from these."

We agree with plaintiff that his attorney referred to his business to corroborate and explain the nature and extent of his injuries, and not to infer a loss of income. After reviewing the entire record, we hold that the conduct of plaintiff's attorney was not clearly improper and prejudicial.

For the foregoing reasons, the order of the circuit court of Cook County is affirmed.

Affirmed.

LINN, P.J., concurs.

JUSTICE JIGANTI, dissenting:

Victor Boasiako was the driver of a taxicab proceeding eastbound on Wacker Drive when it attempted to make a left turn at a traffic-controlled intersection on State Street. As he did so, his taxi was struck on the right side by a taxi driven by Terry Bryant and owned by Checker Taxi Company. Boasiako brought this action for personal injuries he alleged that he received in that occurrence. Checker Taxi counterclaimed for damage to its automobile. The jury returned a verdict in favor of Boasiako. The verdict form found total damages to be in the amount of $9,000. It further found that "the percentage of negligence that was a proximate cause of the plaintiff's injury and damages attributable solely to the plaintiff is 40%." On Checker Taxi's property damage claim against Boasiako the jury found for Boasiako and against Checker. Checker contends that these verdicts are inconsistent. The trial court and the majority of this court found that they were not. I respectfully disagree.

The burden-of-proof instruction informed the jury that the verdict should be for Checker Taxi if Checker Taxi proved that Boasiako was negligent and that Checker Taxi was damaged as the proximate cause of Boasiako's negligence. There was never any question in the trial court concerning damages and proximate cause. As a matter of fact, for tactical reasons it was to the advantage of Boasiako to show that the damage to Checker Taxi was more extensive than Checker Taxi's repair bill would indicate. Therefore, Checker Taxi only had to prove that Boasiako was negligent.

The jury verdict on Boasiako's claim found that Boasiako was 40% negligent in causing his own injuries. In this intersection accident, if it was Boasiako's negligence that caused his injury, then, it must have been the same negligence that caused the damage to Checker Taxi's vehicle. It requires more of an imagination than I have to determine how, while Boasiako was driving a taxi that made a left turn in front of the Checker Taxi and was not using ordinary care, he was not negligent as charged by Checker Taxi in its complaint. Neither Boasiako's brief nor the majority explain otherwise.

Checker Taxi proved negligence, damages and proximate cause. They were entitled to a favorable verdict, but did not receive one. The two verdicts rendered by the jury are inconsistent. For these reasons, I believe that the matter should be remanded for a new trial. See, e.g., *In re Marriage of Eltrevoog* (1982), 92 Ill. 2d 66, 440 N.E.2d 840.