**Mark A. PAUL, Steven Paul and Connie J. Paul, Appellants (Plaintiffs Below)**

v.

**Bill R. KUNTZ, Appellee (Defendant Below).**

No. 27A02–8704–CV–00146.

Court of Appeals of Indiana, Second District.

June 30, 1988.

Edgar W. Bayliff, Bayliff, Harrigan, Cord & Maugans, Kokomo, for appellants.

William E. Ervin, Peterson, Ervin, Barry & Beymer, Hartford City, for appellee.

SHIELDS, Presiding Judge.

The Pauls appeal an adverse judgment on their negligence action against Bill Kuntz. The issue on appeal is whether the judgment is contrary to law.

We reverse.

On January 29, 1985, Mark Paul, 17, and Bill Kuntz, 15, were in an automobile, owned by Mark's parents, when the automobile struck a tree. Mark and Bill were both injured.

Mark and his parents sued Bill for their respective damage, claiming Bill was the negligent driver of the automobile at the time of the collision. Bill, in addition to denying any negligent conduct on his part, raised the issues of contributory negligence (fault), incurred risk, and a non-party defense.[1] He also asserted a counterclaim in which he alleged Mark was the negligent driver of the automobile at the time of the collision. In response, Mark denied he was the driver, raised issues of contributory negligence (fault), incurred risk, and raised the same non-party defense as did Bill.[2]

Trial was to the court. The trial court made identical special findings of fact[3] on the complaint and counterclaim concerning the events preceding and surrounding the collision.

The pertinent special findings, as summarized, are:

1. The accident occurred when the automobile failed to make a turn at an intersection, drove off the road and collided with a tree.

2. Bill and Mark were both intoxicated at the time of the collision.

---

1. Bill asserted the non-party negligently assisted Mark and Bill in procuring alcohol.

2. The non-party defense was raised in Mark's pre-trial contentions.

3. Bill requested special findings of fact and conclusions as provided by Indiana Rule of Trial Procedure 52(A).

**1328**

3. When the boys started the evening together, Mark provided approximately four (4) ounces of whiskey which Bill and Mark consumed while Mark drove around.

4. Later in the evening, Mark and Bill met Scott Suever, an acquaintance of Bill, and an of-age person who was a passenger in Scott's automobile.

5. The of-age person agreed to purchase a fifth of Southern Comfort for Bill and Mark which he did with funds equally contributed by Bill and Mark; Scott Suever drove the of-age person to make the purchase and return; the of-age person gave the fifth to Mark.

6. After the purchase, Mark drove he and Bill to a party at a private home; while there, Mark, Bill and others drank from the fifth.

7. As Mark and Bill were about to leave the party, an individual who had two sips of the Southern Comfort, observed Mark was intoxicated and offered to drive Mark and Bill home; Mark refused.

8. Mark entered the driver's side of the automobile; both Mark and Bill claim no memory of the events from that point until after the collision.

9. Bill was the driver and Mark the passenger at the time of the accident.

Then, on the Pauls' complaint the trial court determined Mark, as a passenger, was fifty-four percent (54%) contributorily at fault, Kuntz, as the driver, was thirty-eight percent (38%) at fault, and Scott Suever, a non-party, was eight percent (8%) at fault. On the counterclaim, the trial court determined Bill, as driver, was fifty-four percent (54%) at fault and Mark, as passenger, was forty-six percent (46%) at fault; no fault was assessed against Mark's parents [4] or against the non-party, Scott Suever. Accordingly, the trial court

entered judgment against the Pauls on their complaint and against Bill on his counterclaim.

On appeal, the Pauls claim the findings allocating fault are inconsistent and contradictory, rendering the adverse judgment on this complaint contrary to law. Bill defends the trial court's judgment on the ground the Pauls cannot use the findings of fault on the counterclaim to create inconsistencies or contradictions in the findings of fault on the complaint. In other words, according to Bill, the finding of fault on the counterclaim are immaterial to the Pauls' appeal.

■ We appreciate the parties' respective positions. As argued by Bill, a complaint and a counterclaim are distinct claims even though they arise from the same transaction and are compulsory in nature. Each claim must stand or fall on its own merits without reference to the other. Thus, a counterclaim must state a claim for relief or be subject to dismissal under Indiana Rule of Trial Procedure 12(B)(6); a complaint and counterclaim may be separately tried, T.R. 42(B); and each party bears the burden of proof on their respective claims.

On the other hand, the Pauls argue compelling considerations. So long as the findings on the complaint and the findings on the counterclaim are internally consistent, any irreconcilable inconsistency existing between the separate findings evades review. For example, assume a negligence action with a complaint and counterclaim that arises from a two automobile intersection collision. The driver of car A sues the driver of car B claiming car B ran the red light and hit car A. In turn, the driver of car B counterclaims that car A ran the red light and hit car B. The jury returns its findings on the complaint that the plaintiff, driver of car A, is 0% at fault and the driver of car B is 100% at fault. However, on the counterclaim, the jury finds the driver of car A is 100% at fault and assesses

---

4. On Pauls' complaint, Mark's parents were assessed derivative fault only. "The fault of ... Mark ... and the derivative fault of [his parents] is fifty-four percent (54%)...." Record at 79. On the counterclaim, the fault of Mark's parents was specially found as zero (0).

0% of fault against the driver of car B. Consequently, both parties recover their respective damages.

Upon independent review of the separate claims, both findings are sustainable because the evidence on the light is conflicting and the reviewing court will not reweigh evidence or judge the credibility of witnesses. However, if the findings are reviewed in conjunction with each other, an irreconcilable conflict exists.

 Accordingly, with due respect to the merits of Bill's position, we evoke a principle of law independent of that relevant to the separateness and distinctiveness of a claim and counterclaim. The principle is that a factfinder on a single set of facts and circumstances cannot reach two different conclusions of fact as expressed in its findings or verdicts that will support valid judgments if the opposite, inconsistent conclusions are irreconcilable. *See Fanning v. McCarry* (1971), 2 Ill.App. 3d 650, 275 N.E.2d 897. Thus, a new trial may be required when a jury returns two verdicts legally or logically inconsistent with each other although, standing alone, each verdict would be supported by sufficient evidence. *Illinois Central Gulf Railroad Co. v. Parks* (1979), 181 Ind.App. 148, 390 N.E.2d 1073; *Boasiako v. Checker Taxi Co.* (1986), 140 Ill.App.3d 210, 94 Ill. Dec. 673, 488 N.E.2d 672; *Guilford Yacht Club v. Northeast Dredging, Inc.* (1981), Me., 438 A.2d 478. Of course, as a general rule, a reviewing court indulges every reasonable presumption in favor of the legality of the verdicts. *Parks,* 390 N.E.2d at 1074.

The issue here, then, is whether the respective findings are irreconcilably inconsistent. However, because we are faced with required special findings made by a trial court, we cannot indulge in the presumptions or assumptions in favor of jury verdicts or general findings in a trial to the court. The special findings must support the judgments or they fail. "Whether the findings are adequate depends upon whether they are sufficient to disclose a valid basis under the issues for the legal result reached in the judgment." *Economy Leasing Co. Ltd. v. Wood* (1981), Ind.App., 427 N.E.2d 483, 485.

The special findings and conclusions fail to meet this standard because they fail to disclose any factual basis for the facial discrepancy in the findings allocating fault on the claim and counterclaim. Consequently, the special findings do not support the facially contradictory judgments. Further, although cross-error was not asserted, because we cannot determine whether the inconsistency, if any, is in the attribution of fault on the claim, the counterclaim, or both, we must vacate the special findings and judgment on both the claim and counterclaim and remand the cause to the trial court with instructions to reconsider the evidence, enter new findings of fact on the claim and counterclaim, and, finally, to enter judgments which are supported by those findings.

Judgment reversed and cause remanded for further proceedings consistent with this opinion.

SULLIVAN and BUCHANAN, JJ., concur.