In re MARRIAGE OF MARIA I. ESCATEL, Petitioner-Appellee, and JOSE M. ESCATEL, Respondent-Appellant.

Third District   No. 3—91—0184

Opinion filed March 20, 1992.

HAASE, J., specially concurring.

Kenneth A. Kozel, of Petz & Kozel, of La Salle (Kevin Kelly, of counsel), for appellant.

Olivero & Olivero, of Peru (Lisa Olivero, of counsel), for appellee.

JUSTICE McCUSKEY delivered the opinion of the court:

Petitioner, Jose M. Escatel, appeals portions of the judgment dissolving his marriage to respondent, Maria I. Escatel.

Jose raises three issues on appeal: (1) whether the trial court properly entered the judgment dissolving the marriage; (2) whether

the trial court abused its discretion in classifying and dividing the marital property; and (3) whether the trial court's order granting Maria custody of the minor children was against the manifest weight of the evidence. For reasons which follow, we reverse and remand.

Jose and Maria Escatel were married in 1975. Three minor children were born of the marriage. On January 23, 1990, Maria filed a petition for dissolution of marriage, alleging mental cruelty. On February 13, 1990, Jose counterpetitioned for dissolution of marriage, also alleging mental cruelty. Jose denied the allegations contained in Maria's petition. A hearing on temporary custody was held on April 9, 1990. The trial court awarded Maria temporary custody of the minor children. The issue of child support was reserved by the trial court.

On December 4, 1990, a contested trial was held on the grounds for dissolution of marriage. Both parties presented conflicting testimony. Maria testified that Jose repeatedly was drunk and threatened to hurt her. Jose testified that Maria went out regularly during the evening and returned early in the morning after drinking. Jose alleged that Maria frequently engaged in extramarital relationships and publicly bragged about these relationships. Each party had numerous witnesses corroborate his or her testimony.

The trial court found Maria and Jose had *each* established separate grounds for dissolution of marriage and that *both* were entitled to a divorce. The trial court made the following findings in the judgment for dissolution of marriage:

> "7. Without cause or provocation by the Petitioner, the Respondent has been guilty of extreme and repeated mental cruelty towards the Petitioner.
>
> 8. Without cause or provocation by the Respondent, the Petitioner has been guilty of extreme and repeated mental cruelty towards the Respondent."

Jose contends the trial court erred in finding both parties guilty of extreme and repeated mental cruelty without cause or provocation by the other. We agree.

Our supreme court has previously addressed this very issue in the case of *In re Marriage of Eltrevoog* (1982), 92 Ill. 2d 66, 440 N.E.2d 840. In *Eltrevoog*, the trial court made the following findings:

> "5. That without cause or provocation by the Petitioner, the Respondent has been guilty of extreme and repeated mental cruelty toward the Petitioner as charged in her Petition for Separate Maintenance and the Petitioner has proved the material allegations of her Petition for Separate Maintenance.

6. That without cause or provocation by the Respondent, the Petitioner has been guilty of extreme and repeated mental cruelty toward the Respondent as charged in his Counter-Petition for Dissolution of Marriage and the Respondent has proven the material allegations of his Counter-Petition for Dissolution of Marriage by substantial, competent and relevant evidence, and that a Judgment for Dissolution of Marriage should be entered herein." *Eltrevoog*, 92 Ill. 2d at 69-70, 440 N.E.2d at 842.

The supreme court in *Eltrevoog* held "[t]hose separate findings by the trial court *are totally inconsistent and wholly irreconcilable.*" (Emphasis added.) (*Eltrevoog*, 92 Ill. 2d at 70, 440 N.E.2d at 842.) The supreme court also stated:

"Had the trial court judge found solely in favor of either spouse's petition, we could not say that it would be against the manifest weight of the evidence. But the trial court's findings that Alice Eltrevoog was without fault and Ebert was guilty of extreme and repeated mental cruelty towards her, while simultaneously finding that Ebert Eltrevoog was without fault and Alice was guilty of extreme and repeated mental cruelty towards him, *simply contradict one another. Such findings cannot stand together.*" (Emphasis added.) *Eltrevoog*, 92 Ill. 2d at 71, 440 N.E.2d at 842-43.

We find no distinction between the trial court's findings in this appeal and the trial court's findings in *Eltrevoog*. In both appeals, the trial court's findings are inconsistent.

While *Eltrevoog* dealt with a petition for separate maintenance and a counterpetition for dissolution of marriage, and this appeal deals with a petition and counterpetition for dissolution of marriage, we find no actual distinction between the two cases. The court in *Eltrevoog* noted that the same statutory grounds were required to be proven for either petition. (*Eltrevoog*, 92 Ill. 2d at 70, 440 N.E.2d at 842.) Likewise, we find the same situation in this appeal. Accordingly, we find the trial court's inconsistent and contradictory findings are against the manifest weight of the evidence and must be reversed.

In summary, we vacate the judgment for dissolution of marriage and remand for a new trial. All temporary orders of the trial court entered prior to the now-vacated judgment for dissolution of marriage shall remain in full force and effect pending further proceedings. In light of our findings, we decline, at this point, to address the other issues raised by Jose in this appeal.

The judgment of the circuit court of Bureau County is vacated, and the cause is remanded for further proceedings consistent with the findings expressed in this opinion.

Reversed and remanded.

BARRY, P.J., concurs.

JUSTICE HAASE, specially concurring:

While I agree that the law in Illinois is correctly stated in the court's opinion and I concur in that opinion, I write specially because of a perceived problem with the grounds portion of the Illinois Marriage and Dissolution of Marriage Act. Illinois has always been a "grounds" State. The closest that the Illinois legislature has come to establishing no fault divorce is contained in the provision for no fault divorce based on irreconcilable difference (Ill. Rev. Stat. 1989, ch. 40, par. 401(a)(2)) after the parties have lived separate and apart for a period of two years. In the case at bar, I agree that the trial judge's findings were error under the law and must be reversed. However, if these parties are still separated as they were at the time of the trial, they are entitled to have a no fault divorce based on irreconcilable difference after two years of separation.

The requirement for grounds in Illinois is largely ignored by the litigants, the attorneys and the trial judges of this State. One can go to almost any courthouse in the State and find divorce grounds prove ups which last less than five minutes. Trial judges throughout the State have approved grounds portions of prove ups where the grounds are so thin as to not being grounds at all. However, the parties, the lawyers and the judges all recognize that once the marriage is truly over, it is over and no amount of legislation about grounds is going to fix it.

For years the judiciary has corrected the problem for the litigants where the grounds are very slim but the parties nevertheless decide to be divorced. Whether it is preferable to have a dissolution of marriage act which provides for strict grounds, or whether it is preferable to have a no fault dissolution of marriage act is not for the court to say. Those are questions which the people represented by their representatives in the General Assembly are to decide. However, the current practice in this State is 180 degrees out from the law as stated in the statute and cases such as *Eltrevoog* cited in the court's opinion. Those judges who have presided in family court cases for years know that in many cases each of the parties has grounds against the other.

In many cases these grounds are not provoked on either side. There are people in marriage who both treat each other shabbily. The present Illinois Marriage and Dissolution of Marriage Act flies in the face of reality and human practice when it calls for one party to prove grounds without any fault on his or her part.

It is the opinion of this humble writer that it is time for the legislature of this State to take another look at the Illinois Marriage and Dissolution of Marriage Act. The legislature should either make clear that this is a strict grounds State and you will not be able to get divorced absent a showing of strict grounds, or should do away with the grounds requirement altogether and make this a no fault divorce State.

The present practice creates a giant fiction out of the grounds requirement. That fiction tends, in this writer's opinion, to bring the entire process into disrepute. It also allows one party or another to use the grounds requirement as a lever or bargaining chip in the negotiating process. If the legislature feels that the grounds requirement is somehow saving the marriages in this State, then it is sadly mistaken. Recent statistics show us that close to 50% of marriages end in divorce in any event. And the requirement for grounds saves very few, if any, marriages.

In the instant case, the court's order will require the parties to go through another trial to deal with some of the most difficult issues there are in jurisprudence. Contested child custody proceedings are very difficult on all the parties and especially on the children involved.

Therefore, while I agree with the court's opinion as a statement of current Illinois law, I think the result reached is unfortunate. To remand this case for retrial in a marriage that is over is a shame. No purpose will be served other than to satisfy a requirement of Illinois that is largely ignored in most cases.